UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUSAN EVANS** | **CIVIL ACTION NO. 2:23-CV-4708** |
| **VERSUS** | **JUDGE _____** |
| **AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY** | **MAGISTRATE _____** <br><br> ** *HURRICANE IDA LITIGATION* ** |

### COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

NOW COMES Plaintiff, SUSAN EVANS, through undersigned counsel, who respectfully alleges that:

### PARTIES

1. Made Plaintiff herein is SUSAN EVANS ("**Plaintiff**") a person of the full age of majority who is domiciled in St. Tammany Parish, Louisiana at the subject property located at 501 Riverland Dr., Madisonville, LA 70447 (the "**Insured Property**").

2. Made Defendant herein is AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY ("**Defendant**" or "**ANPAC**"), a foreign insurance company. Defendant is authorized to do business and does business in the State of Louisiana, including through the issuance of policies of insurance to individuals and businesses within the State. Defendant may be served with legal process through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

### JURISDICTION AND VENUE

3. This action is filed pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.,* and Federal Rule of Civil Procedure 57.

1

4.     Jurisdiction of the Court over this action is invoked pursuant 28 U.S.C. § 2201 as well as 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship between Plaintiff and Defendant.

5.     The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand Dollars ($75,000.00). The amount in controversy in a declaratory judgment action is determined by the object of the litigation. The object of this declaratory judgment will determine whether Plaintiff's losses are covered under Defendant's policy.

6.     Venue is proper in this Judicial District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district and a substantial part of the property that is the subject of the action is situated here.

7.     This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Louisiana and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Louisiana based entities and consumers.

8.     This Court has subject matter jurisdiction because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein. Plaintiff are, therefore, entitled to bring this action in this Court.

## FACTUAL BACKGROUND

9.     Plaintiff contracted with Defendant to insure her residence - the Insured Property - located at 501 Riverland Dr., Madisonville, LA 70447.

10.    The Insured Property is covered under a policy issued by Defendant with policy number believed to be *17XW92662* (the "**Policy**"). Defendant assessed the risk

and provided coverage following their evaluation of the Insured Property. The Policy was in full effect during the period which included August 29, 2021.

11. Plaintiff paid all premiums associated with the Policy when due in a timely manner and without delay.

12. Plaintiff entered into the contract of insurance with the reasonable expectation that, in return for the payment of the premium, Defendant would abide by the terms of its policy and pay for any covered losses that may occur.

13. On August 29, 2021, while the policy was in full force and effect, the Insured Property sustained significant damages resulting from Hurricane Ida, a major Category 4 hurricane, which made catastrophic landfall in Southeastern Louisiana with sustained winds of 150 mph.

14. Devastating winds, heavy wind-driven rainfall, and life-threatening storm surges lasted for several hours as the Hurricane passed over areas in Southeastern Louisiana, which included Kenner.

15. Hurricane Ida resulted in extensive damage to Southeastern Louisiana, including shredding the power grid and thousands of structures. The physical damage and resulting power outages affected approximately one million (1,000,000) homes and businesses along the U.S. Gulf Coast.

16. As a result of Hurricane Ida, the Insured Property suffered extensive damage.

17. Plaintiff provided timely and proper notice of the claim to Defendant, who assigned it claim number *17-X-4CL418*.

18. In compliance with the Policy, Plaintiff began mitigating the loss as soon as practicable.

19. Plaintiff are entitled to recovery of all benefits due under the Policy resulting from the Hurricane to the Insured Property, including, but not limited to, the structural loss, recoverable depreciation, and personal property.

20. Louisiana law provides claims handling timelines which are strictly construed.

21. Insurers have the duty to initiate loss adjustment of a property damage claim within fourteen (14) days after the notification of loss by a claimant, which may be extended by the Insurance Commissioner in the aftermath of catastrophic damage. La. R.S. § 22:1892(A)(3).

22. The Louisiana Insurance Commissioner's Emergency Rule 47 extended the initiation of loss adjustment timeline under La. R.S. § 22:1892(A)(3) to sixty (60) days (60) days from claimant's notice.

23. Emergency Rule 47, however, noted that "[i]nsurers must continue to provide timely service to their insured claimants by promptly acknowledging receipt of claims and making appropriate assignments for the adjustment of claims."

24. Emergency Rule 47 did not alter any other timeline under La. R.S. § 22:1892 other than the fourteen (14) day initiation of loss adjustment time delineated under La. R.S. § 22:1892(A)(3) specifically.

25. Defendant was given full access to inspect the insured premises and Defendant has had ample opportunity to view the extensive damage to the Insured Property.

26. Under La. R.S. § 22:1892(A)(1), insurers must pay the amount of any claim due to any insured within thirty (30) days after receipt of satisfactory proof of loss from the insured or any party in interest. Under La. R.S. § 22:1892(A)(4), all insurers must make a written offer to settle any property damage claim, within thirty (30) days after receipt of satisfactory proof of loss of that claim.

27. The arbitrary and capricious failure to comply with La. R.S. § 22:1892(A)(1) and §22:1892(A)(4) without probable cause subjects the insurer to a penalty, in addition to the amount of loss, of fifty percent (50%) on the amount found to be due from the insurer to the insured or one thousand dollars ($1,000.00), whichever is greater. If partial payment of tender is made, the penalty is fifty percent (50%) of the difference between the amount paid or tendered and the amount due. These penalties are in addition to reasonable attorneys' fees and costs. La. R.S. § 22:1892(B)(1).

28. Under La. R.S. § 22:1973(A), insurers have an affirmative duty to adjust claims fairly and promptly and to make reasonable efforts to settle claims with the insured. Failing to pay the amount of any claim due to any person insured by the contract within sixty (60) days after satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without, probable cause is a breach of the insurer's affirmative duty. La. R.S. § 22:1973(B)(5).

29. In addition to any general or specific damages to which the insured is entitled to, a breach of the sixty (60) day timeline subjects the insurer to penalties in an amount not to exceed two (2) times the damages sustained or five thousand dollars ($5,000.00), whichever is greater. La. R.S. § 22:1973(C).

30. An insurer has satisfactory proof of loss once it has sent an adjuster to inspect the property, even if the adjuster provides an incomplete report, because the insurance company had the opportunity to discover the extent of the damages. *J.R.A. Inc. v. Essex Ins. Co.*, 2010-0797 (La. App. 4 Cir. 5/27/11), 72 So. 3d 862; *see also Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

31. The statutory timeline starts from the initial inspection and not from any final report by the insurer. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

32. In compliance with her duties, Plaintiff has cooperated with Defendant and their consultants, making the property fully and completely available for the viewing of the physical loss evidence.

33. Plaintiff sent sufficient proof of loss to Defendant in excess of sixty (60) days before initiating this action. Yet, Defendant failed to timely pay Plaintiff all amounts owed under the Policy.

34. Defendant and their consultants knew or should have known that undisputed amounts of a claim must be disbursed and cannot be delayed because other portions of the claim have not been decided. *Aghighi v. Louisiana Citizens Prop. Ins. Corp.*, 2012-1096 (La. App. 4 Cir. 6/19/13), 119 So. 3d 930.

35. Because of Defendant's material breach of the Policy and violations of Louisiana law, Plaintiff had to retain undersigned counsel to handle communications with Defendant in an attempt to come to claim conclusion and to file and maintain the instant action. As a result, Plaintiff are obligated to pay a reasonable fee for the attorneys' services in bringing this action plus the necessary costs of maintaining this action.

36. In addition to the proof of loss evidenced on inspection and other information provided, a formal and sufficient proof of loss package with all the evidence of the loss was provided to Defendant in excess of sixty (60) days before initiating this action.

37. The proof of loss submissions provided satisfactory proof of loss in so far as it contained all the Plaintiff's investigation of the claim and sufficient information providing the extent of the loss to allow the Defendant to make a determination on the loss, particularly the building coverage.

38. Defendant has failed to timely and reasonably adjust the loss and respond to the formal proof.

39. Despite Defendant's failure to timely pay the evidenced loss, Plaintiff have continued to work with Defendant and their consultants to ensure compliance with its duties under the policy. This cooperation in no way waives Defendant's duties under the law.

40. Defendant has unjustifiably failed or refused to perform its obligations under the policy and has wrongfully or unfairly limited payment on Plaintiff's claim.

41. Defendant's failure to comply with the terms of its own Policy caused and continues to cause significant delay to the repair of the Property.

## **CAUSES OF ACTION**

42. Each section below containing a cause of action fully incorporates all facts and allegations set forth in each section previously set forth herein.

43. All suspensive or resolutory conditions entitling Plaintiff to recover for their loss under the Policy and maintain this action against Defendant have occurred, have been performed by Plaintiff, or have been waived by Defendant.

## DECLARATORY JUDGMENT: TIMELINE VIOLATION OF LA. R.S. § 22:1892 AND § 22:1973

44. Plaintiff seek a Declaratory Judgment confirming that Defendant has an obligation to comply with the thirty (30) day and sixty (60) day statutory timelines under La. R.S. § 22:1892 and § 22:1973, in so far that the insurer must tender undisputed payments on a claim within the statutory time after receiving satisfactory proof of loss.

45. Plaintiff also seek Declaratory Judgment confirming that Defendant's thirty (30) and sixty (60) day timelines under La. R.S. § 22:1892 and § 22:1973 began to run upon the inspection of the property or receipt of the satisfactory proof of loss submission, whichever was sooner.

## BREACH OF CONTRACT

46. Defendant breached the terms of the Policy when it unjustifiably failed or refused to perform its obligations in accordance with its Policy and Louisiana law by failing to pay for all benefits due to the Plaintiff.

47. By intentionally or negligently failing to timely tender sufficient insurance proceeds to Plaintiff, or otherwise adequately compensate Plaintiff for her loss, Defendant breached its insurance contract. Defendant also breached its insurance contract by conducting its investigation and claims handling in bad faith.

48. This breach of the insurance contract was and is the direct and proximate cause of damage to the Plaintiff for the repair of Plaintiff's Insured Property with like kind and quality material as existed at the time the hurricane occurred.

49. By virtue of the breach of contract, Defendant is liable to and owes Plaintiff for the actual damages sustained as foreseeable and a direct result of the breach and all other damages the Plaintiff may prove are allowed by law.

## **BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

50. Defendant received satisfactory proof of the loss indicating the insurance benefits due to the Plaintiff but failed to timely investigate and settle the loss. Failure to make such payment within thirty (30) days was arbitrary, capricious, and without probable cause, subjecting Defendant to a penalty, in addition to the amount of the loss, of fifty percent (50%) of damages on the amount found to be due from the insurer to the insured, as well as reasonable attorney's fees and costs pursuant to La. R.S. § 22:1892.

51. In addition, Defendant owes Plaintiff an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle such claims but breached that affirmative duty by failing to pay the amount due on this claim within thirty (30) days of receiving satisfactory proof of loss.

52. In so doing, Defendant acted in an arbitrary and capricious manner and without probable cause, thereby subjecting it to a penalty of two (2) times the amount of damages sustained, or five thousand dollars ($5,000.00), whichever is greater, pursuant to La. R.S. § 22:1973.

53. In addition, upon information and belief, Defendant further breached its insurance contract and violated its duties of good faith and fair dealing by intentionally or negligently misrepresenting to Plaintiff the terms and conditions of the Policy.

## **DAMAGES**

54. As a result of the actions of the Defendant, Plaintiff have suffered the following nonexclusive list of damages past, present, and future in amounts reasonable in the premises:

a. Repair and remediation expenses;

b. Structural damages;

c. Loss of personal property;

d. Additional living expenses

e. Inability to make appropriate repairs due to inadequate insurance payments;

f. Any and all other applicable damages arising under any of the Policy's sub-coverage limits, including, but not limited to, debris removal and increased cost of construction;

g. Diminution in value of property;

h. Actual damages related to the increased cost of repairs;

i. Mental anguish and emotional distress;

j. Attorneys' fees and penalties;

k. Other professional fees and expenses, including those for experts;

l. Costs of this litigation and any pre-litigation costs related to the insurer's failure to make adequate insurance payments;

m. Statutory penalties; and

n. Legal interest from the date of judicial demand.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, SUSAN EVANS, prays that this Complaint be filed into the record, that Defendant, AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, be cited to appear and answer same, and after due proceedings are had, there be judgment rendered in favor of Plaintiff and against Defendant for all damages as are reasonable in the premises, for all costs incurred in this matter, along with legal interest from the date of judicial demand until paid, all statutory penalties and attorneys' fees, and all general and equitable relief available.

Further, Plaintiff prays that there be a judgment rendered in her favor and against Defendant declaring that, in their transaction of insurance, Defendant had an obligation to comply with the statutory timelines under La. R.S. § 22:1892 and § 22:1973, which began to run upon the inspection of the property or receipt of the satisfactory proof of loss submission and Defendant breached said obligation.

Respectfully Submitted,

**RUDIN LAW LLC**

_____
Lee M. Rudin, LA Bar No. 34746
821 Octavia Street
New Orleans, LA 70115
Telephone: 504-500-5504
Facsimile: 504-445-4054
Email: lee@rudin.law

*Attorney for Plaintiff*

**SERVICE WILL BE MADE ON:**

**AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY**
Through its Designated Agent for Process:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, LA 70809